**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**CLAYTON J. MARTIN,**

     **Plaintiff,**

     v.                         **CASE NO.  23-3127-JWL**

**BARTON COUNTY COURTS,**
**et al.,**

     **Defendants.**

**<u>MEMORANDUM AND ORDER TO SHOW CAUSE</u>**

Plaintiff Clayton J. Martin is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  The Court provisionally grants Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 2).

**I.  Nature of the Matter before the Court**

Plaintiff brings this pro se action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Finney County Jail in Garden City, Kansas.

Plaintiff's claims relate to his state criminal proceedings.  *See State v. Martin*, Case No. 2020-CR-25 (District Court of Barton County, Kansas).  Plaintiff names the "Barton County Courts" and the Barton County Sheriff as defendants.  Plaintiff alleges that the Barton County Courts are in "cahoots" with the DA's office and they are maliciously prosecuting him on a crime he alleges he has never been formally charged with after his state criminal case was reopened.  (Doc. 1, at 1.)

Plaintiff alleges that the Barton County Sheriff is detaining him without bond in the Finny County Jail. *Id*. at 2.  Plaintiff alleges that the assistant district attorney "impersonated

Judge Richard Burgess" at Plaintiff's court review hearing on a zoom video.  *Id.*  Plaintiff claims he was arrested on a fraudulent arrest warrant because it was not signed by Judge Burgess.[1]  *Id.* at 3.  He also claims the arrest warrant is void, because the case was closed and then reopened. *Id.*

Plaintiff also claims that the Barton County Courts are not filing motions in his state criminal case.  *Id.* at 4.  Plaintiff also states that he was on lockdown at the Barton County Jail and was denied medical attention.  *Id.*

As Count I, Plaintiff claims the Barton County Courts and the Barton County District Attorney's Office never formally charged him in Case No. 2020-CR-0025 when the case was reopened in 2021.  *Id.* at 6.  As Count II, Plaintiff claims the Barton County Sheriff locked him down in jail on a case that was never formally charged and denied him medical attention.  *Id.*  As Count III, Plaintiff asserts that his March 13, 2023 and May 3, 2023 motions in his state criminal case were never filed in violation his First Amendment right to petition the government.  *Id.* at 7.

Plaintiff seeks his "[i]mmediate release from custody" and $1,000 per day for each day without bond, $5,000 per day for every day he was on lockdown, and $300,000 for "future health appointments and prescriptions."  *Id.* at 8.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28

---

[1]  The Court notes that Plaintiff attaches an Arrest Warrant that is signed, with a handwritten notation by the signature stating "[t]hat is not Judge Burgess Jr. signature."  (Doc. 1–1, at 1.)

U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round

out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Younger Abstention

The Court may be prohibited from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once

these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

An online Kansas District Court Records Search shows that Case No. 2020-CR-25 is "Pending/Reopened" with a status hearing scheduled for June 2, 2023. *See State v. Martin*, Case No. 2020-CR-25 (District Court of Barton County, Kansas). Therefore, it appears that the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights). Plaintiff should show good cause why the Court should not abstain under *Younger*.

### 2. Habeas Nature of Claim and Heck Bar

Plaintiff seeks his immediate release from custody. To the extent Plaintiff challenges the

validity of a conviction and sentence in his state criminal case, his federal claim must be presented in habeas corpus.  "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*"  *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added).  When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement.  *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). Therefore, any claim challenging his state sentence is not cognizable in a § 1983 action.  Plaintiff should show good cause why his claims regarding his state criminal case and his request for release should not be dismissed as not properly brought in a § 1983 action.

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question.  *Heck*, 512 U.S. 477.  If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*.  In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487.  In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily

implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id.* at 486–87.  Plaintiff has not alleged that the conviction or sentence has been invalidated.

### 3. Failure to State a Claim

Plaintiff alleges that two of his motions were not filed in his state criminal case—his 2nd and 3rd motions to dismiss.  *See* Doc. 1–1, at 6–9.  The Court notes that his pro se "2nd Motion to Dismiss" was filed in his criminal case on March 15, 2023, and his pro se "3rd Motion to Dismiss" was filed in his criminal case on May 5, 2023.  Plaintiff does not indicate what other motions were allegedly not filed, and he does not allege that his defense attorney is unable to file motions as Plaintiff's attorney.   To the extent he believes other pro se motions are not being filed, he should address the issue in his state criminal proceedings.  Plaintiff has failed to state any factual support for a First Amendment violation.

Plaintiff claims that he was denied medical care at the Barton County Jail, but he fails to allege any factual support for the claim.  He does not indicate what medical care he sought, when he sought it, or who denied him medical care.  Plaintiff has failed to state a claim based on his medical care.  Plaintiff has not alleged any injury resulting from the alleged denial of medical care and he is no longer housed at the Barton County Jail.  Plaintiff should show good cause why any claim he asserted based on his medical care should not be denied.

Plaintiff has not alleged how the Sheriff personally participated in the alleged violations of his rights.  An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th

Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)).  Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability).  An official's liability may not be predicated solely upon a theory of respondeat superior.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995).  A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011).  "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional

provision at issue, including the state of mind required to establish a violation of that provision." *Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949). Plaintiff's claims against the Sheriff are subject to dismissal for failure to state a claim.

Plaintiff also names the "Barton County Courts" as a defendant. The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). Therefore, in the absence of some consent, a suit in which an agent or department of the state is named as a defendant is "proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). It is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

Kansas state law clearly characterizes the district courts as arms of the state government—part of a unified judicial branch along with the Kansas Supreme Court and Kansas Court of Appeals. *Wilkins v. Skiles*, No. 02–3190, 2005 WL 627962, at *4 (D. Kan. March 4, 2005); *see generally*, KAN. CONST. art 3. The legislature defines "state agency," for purposes of the state workers' compensation fund, as "the state, or any department or agency of the state, but not including . . . the district court with regard to district court officers or employees whose total salary is payable by counties." K.S.A. 44–575(a). The only court personnel who are not included in the judicial personnel pay system, and are instead paid by the county, are county auditors, coroners, court trustees and personnel in each trustee's office, and personnel

performing services in adult or juvenile detention or correctional facilities.  K.S.A. 20–162(a),

(b).  Plaintiff should show good cause why his claims against the Barton County Courts are not

subject to dismissal.

### 4. Frivolous

Plaintiff previously filed an action in this Court attempting to challenge his state criminal

proceedings.  *See Martin v. Reynolds*, Case No. 23-3001 (D. Kan.).  The Court entered a similar

Memorandum and Order to Show Cause in that case, and advised Plaintiff that the Court was

required to abstain under *Younger*, and that he must attack his sentence and seek release through

a habeas action.  *See id*. at Doc. 6.  That case was dismissed on February 9, 2023.  *Id*. at Doc. 10.

Despite the dismissal of that case, Plaintiff has initiated this current action with similar claims.

"Repetitious litigation of virtually identical causes of action may be dismissed under

§ 1915 as frivolous or malicious." *Winkle v. Hammond*, 601 F. App'x 754, 754–55 (10th Cir.

2015) (quoting *McWilliams v. State of Colo.,* 121 F.3d 573, 574 (10th Cir. 1997) (internal

quotation marks and brackets omitted)); *see also Davis v. Bacon*, 234 F. App'x 872, 874 (10th

Cir. 2007) (dismissing as frivolous a complaint that "substantially mirrors" a prior complaint that

was dismissed).

## IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for

the reasons stated herein.  Failure to respond by the deadline may result in dismissal of this

matter without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave

to Proceed In Forma Pauperis (Doc. 2) is **provisionally granted.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **June 30, 2023,** in which to

show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated May 31, 2023, in Kansas City, Kansas.**

<u>**S/   John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**